UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-397-RJC
3:05-cr-229-RJC-1

| | |
|---|---|
| DANIEL R. SAWYER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate pursuant to 28 U.S.C. § 2255, (Doc. No. 1), his Motion to Stay the § 2255 proceedings, (Doc. No. 3), and an Amended Motion to Withdraw as Attorney filed by the Federal Public Defender of Western North Carolina, (Doc. No. 11).

### I. BACKGROUND

Petitioner pled guilty to four counts of bank robbery in the underlying criminal case. See (Case No. 3:05-cr-229, Doc. No. 33). The presentence investigation report ("PSR") scored Petitioner with an offense level as 32 as a career offender based on his prior North Carolina convictions for breaking and entering in 1996 and 1997. (Id., Doc. No. 38 at ¶ 51). After deducting three levels for acceptance of responsibility, the total offense level was 29. (Id., Doc. No. 38 at ¶¶ 52, 53). Petitioner had a total of 20 criminal history points with a criminal history category of VI, and the criminal history category for career offenders is also VI. (Id., Doc. No. 38 at ¶¶ 76-78). The resulting guideline range was 151 to 188 months' imprisonment. (Id., Doc. No. 38 at ¶ 108).

1

On May 8, 2007, the Court sentenced Petitioner within the advisory guideline range to 160 months' imprisonment for each count, concurrent, followed by a total of three years of supervised release. (Id., Doc. No. 33). Petitioner did not appeal.

On March 21, 2012, Petitioner filed a § 2255 motion to vacate that was opened in a separate civil case, 3:12-cv-193-RJC. He argued that his prior North Carolina breaking and entering convictions no longer support career offender sentencing pursuant to United States v. Simmons, 649 F.3d 237 (2011). The Court dismissed the § 2255 motion to vacate as time-barred. Sawyer v. United States, 2013 WL 822132 (W.D.N.C. March 6, 2013). The Fourth Circuit Court of Appeals dismissed his appeal on January 21, 2014. United States v. Sawyer, 552 Fed. Appx. 230 (4th Cir. 2014).

On November 2, 2015, Petitioner filed a second § 2255 motion to vacate, case number 3:15-cv-546-RJC. He argued that he was erroneously sentenced as a career offender pursuant to Johnson v. United States, 135 S.Ct. 2551 (2015), in which the Supreme Court held that the Armed Career Criminal Act's residual clause is unconstitutionally vague. The Court dismissed the motion to vacate as an unauthorized second or successive petition on November 23, 2015. See (Case No. 3:05-cr-229, Doc. No. 45).

Petitioner then requested, and was granted, leave by the Fourth Circuit to file the instant second or successive § 2255 motion to vacate pursuant to 28 U.S.C. §§ 2244(b) and 2255(h). See (Doc. No. 4). Petitioner filed his *pro se* § 2255 motion to vacate on June 6, 2016, and the Federal Public Defender filed a supplement on his behalf on June 23, 2016. (Doc. Nos. 1, 2). Petitioner again argues that he is eligible for relief under Johnson because his prior convictions for North Carolina breaking and entering do not support a career offender sentence pursuant to U.S. Sentencing Guidelines § 4B1.2.

Petitioner and the United States both filed motions to stay this action pending the United States Supreme Court's decision in Beckles v. United States, Supreme Court No. 15-8455. (Doc. Nos. 3, 6). The Government's motion to stay was dismissed but Petitioner's motion to stay remains pending. See (Doc. No. 8). Petitioner's motion for stay is now moot because the Supreme Court decided Beckles on March 6, 2017, and held that the advisory Guidelines are not subject to vagueness challenges. Beckles v. United States, 137 S.Ct. 886 (2017).

The Federal Public Defender filed a motion to withdraw from this case on May 11, 2017, and relief was denied without prejudice for counsel to support the motion with either his client's written consent or a showing of good cause. (Doc. Nos. 7, 9).

Counsel has now filed an amended motion to withdraw in which he explains that he determined that Petitioner's Johnson claim has no merit in light of Beckles, and seeks to withdraw as counsel so that Petitioner may continue to pursue relief *pro se*, if he chooses to do so. (Doc. No. 11). The Federal Public Defender's motion to withdraw is granted.

The Government has filed a response arguing that the relief Petitioner seeks has been foreclosed by Beckles. (Doc. No. 10).

## II.  STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to

any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by the Petitioner can be resolved based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

Petitioner argues that he does not qualify for career offender sentencing because his prior North Carolina convictions for breaking and entering are not predicate convictions in light of Johnson v. United States, 135 S. Ct. 2551 (2015).

Johnson announced that the Armed Career Criminal Act's ("ACCA") residual clause[1] is void for vagueness, and that holding recognizes a retroactively applicable right. See Welch v. United States, 136 S.Ct. 1257, 1265 (2016). However, Johnson addresses only ACCA's residual clause and "does not call into question application of the Act to the four enumerated offense, or to the remainder of the Act's definition of a violent felony." Johnson, 135 S.Ct. at 2563. Nor does Johnson apply to the advisory sentencing guidelines because "the Guidelines are not amenable to a vagueness challenge." Beckles v. United States, 137 S.Ct. 886, 894 (2017).

Johnson is inapplicable to Petitioner's guideline challenge because its void-for-vagueness holding has no effect on the advisory career offender guidelines. Petitioner's reliance on Johnson misplaced and § 2255 relief is foreclosed by Beckles.

---

[1] ACCA defines a "violent felony" as any felony that: "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*"18 U.S.C.A. § 924(e)(2)(B) (emphasis added). The italicized portion of the definition is referred to as the residual clause.

## III. CONCLUSION

For the foregoing reasons, the Court denies Petitioner's § 2255 motion to vacate, denies as moot Petitioner's motion to stay this § 2255 proceeding, and grants the Federal Public Defender's motion to withdraw.

**IT IS THEREFORE ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DENIED**.

2. Petitioner's Motion to Stay this § 2255 action, (Doc. No. 3), is **DENIED** as moot.

3. Counsel's Motion to Withdraw as Attorney, (Doc. 11), is **GRANTED**, and the Federal Public Defender of the Western District of North Carolina is relieved from any further representation of Petitioner.

4. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: December 19, 2017

Robert J. Conrad, Jr.
United States District Judge